

03-CV-02579-NTC



FILED ___ ENTERED
LODGED ___ RECEIVED

AUG 19 2003  **MR**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARCHELINO PALPALLATOC,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | **CV03-2579**<br><br>NOTICE OF REMOVAL<br><br>ORIGINAL |

TO:   The Honorable Judges of the United States District Court for the Western District of Washington at Seattle:

Pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant The Boeing Company (hereinafter "Boeing") by and through its attorneys, hereby removes this action to this Court from the Superior Court of the State of Washington for Snohomish County. In support of this Notice, Boeing respectfully states:

NOTICE OF REMOVAL - 1
(CAUSE NO:_____)
[03002-1645/SL032200.198]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 583-8888
Fax: (206) 583-8500

## STATE COURT ACTION

1.   Plaintiff filed his Complaint on or about June 29, 2003. It is still pending in the Superior Court of the State of Washington for Snohomish County, as Cause No. 03-2-08652-3. Boeing received a copy of the Summons and Complaint for Damages on July 29, 2003. There are no other defendants named in the Complaint. No further proceedings in this dispute have been had in the Superior Court of the State of Washington for Snohomish County.

2.   This lawsuit is a civil action brought by a former employee of Boeing, Archelino Palpallatoc, alleging race and national origin discrimination in violation of state and federal law. Plaintiff, who was a union employee, challenges Boeing's lay-off decision and its use of retentions for employees covered by a collective bargaining agreement.

## FEDERAL QUESTIONS

3.   <u>Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1)</u>. Plaintiff's Complaint indicates that his discrimination claim is brought under both state and federal law. A federal court has original federal question jurisdiction when a plaintiff's explicit or implied claims in the complaint raise a federal question. <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 27-28 (1983). Here, the Complaint alleges that Plaintiff filed an administrative complaint with the Equal Opportunity Employment Commission ("EEOC") and that the EEOC issued a "right to sue letter." (Complaint ¶ 2.7) Under Title VII of the Civil Rights Act of 1964, it is a prerequisite to bringing a Title VII action that a plaintiff receive a right to sue letter and plead that fact in the Complaint. <u>EEOC v. Dinuba Med. Clinic</u>, 222 F.3d 580, 585 (9th Cir. 2000). Plaintiff has attempted to meet the requirements of a Title VII cause of action. Accordingly, the

NOTICE OF REMOVAL - 2
(CAUSE NO:_____)
[03002-1645/SL032200.198]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 583-8888
Fax: (206) 583-8500

Complaint establishes that federal law created an asserted cause of action and plaintiff's right to relief depends on resolving a substantial question of federal law.

4. <u>Section 301 of Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185.</u> The Complaint alleges that Boeing inappropriately chose to lay-off Plaintiff rather than a co-worker with less seniority. Stated differently, Plaintiff alleges that Boeing improperly used retentions to involuntarily terminate his employment. Issues concerning seniority, lay-offs and retentions are controlled by a collective bargaining agreement. Therefore, plaintiff's challenge to Boeing's lay-off decision is preempted by federal labor law. Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, "governs claims founded directly on rights created by [CBAs], and also claims 'substantially dependent on analysis of a [CBA].'" <u>Lingle v. Norge Div. of Magic Chef, Inc.</u>, 486 U.S. 399, 410 n.103 (1988) (quoting <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 394-95 (1987)). Moreover, all collective bargaining agreements contain implied rights and duties established through the parties' practices and day-to-day administration of the agreement. <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 215 (1985) ("The assumption that the labor contract creates no implied rights is not one that state law may make."). Because resolving plaintiff's wrongful lay-off claim requires interpretation of a collective bargaining agreement, federal labor law preempts the claims.

### ACTION REMOVABLE

5. Based on paragraphs 3-4, *supra*, plaintiff asserts claims within the original jurisdiction of the federal district courts, making this entire action removable. 28 U.S.C. §§ 1331 and 1441. This Court is the District Court for the United States for the district and division embracing the place where the state court action is pending, and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

NOTICE OF REMOVAL - 3
(CAUSE NO:_____)
[03002-1645/SL032200.198]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 583-8888
Fax: (206) 583-8500

6. Boeing first received a copy of the Complaint in this action on July 29, 2003. This notice is filed within thirty days of such receipt as required by 28 U.S.C. § 1446(b).

**PLEADINGS FILED**

7. Copies of all process and pleadings filed in this case and found in the files of the Superior Court of the State of Washington for Snohomish County are attached to the Certificate of Attorney filed with this Notice.

THEREFORE, Boeing now removes this action from the Superior Court to this Court.

DATED: August 19, 2003.

PERKINS COIE LLP

By *7. B. R.*
Frederick B. Rivera, WSBA #23008
Attorneys for Defendant The Boeing Company

NOTICE OF REMOVAL - 4
(CAUSE NO:_____)
[03002-1645/SL032200.198]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 583-8888
Fax: (206) 583-8500